**ARA SERVICES, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**Local 259, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, AFL–CIO, Intervenor.**

**No. 82–2139.**

United States Court of Appeals, Fourth Circuit.

Argued June 6, 1983.

Decided July 26, 1983.

Norman R. Buchsbaum, Baltimore, Md. (Douglas E. Koteen, Baltimore, Md., Roger S. Kaplan, New York City, on brief), for petitioner.

William M. Bernstein, Washington, D.C. (W. Christian Schumann, William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Washington, D.C., on brief), for respondent.

Before RUSSELL, WIDENER, Circuit Judges, and BRYAN, Senior Circuit Judge.

ALBERT V. BRYAN, Senior Circuit Judge:

ARA Services, Inc. petitions for review of an order of the National Labor Relations

Board (the Board) compelling it to bargain with Local 259, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, AFL–CIO (the Union). The Board cross-petitions for enforcement. We find merit in petitioner's claim that allegations of pre-election misconduct in this case justify an evidentiary hearing, and reverse and remand to the Board for that purpose.

## I

On January 20, 1981 the Union filed a representation petition and on March 13, an election was held. The bargaining unit included all full-time and regular part-time kitchen and cafeteria employees at petitioner's Tarrytown, N.Y. location. Of twenty votes cast, eleven were for the Union, nine against.

ARA filed objections to the election, complaining chiefly that one Antones, an employee who advocated the Union had, one day prior to the election, threatened three other alien employees with deportation. After an ex *parte* investigation the Board's Regional Director deemed the complaint meritless. Accordingly, the Board certified the Union on September 16, adopting the Regional Director's findings and recommendations.

Petitioner rejected the Union's subsequent request to bargain and was thereupon charged by the Union and the Board with violating sections 8(a)(1) and (5) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 158(a)(1) & (5) (the Act). Throughout its defense to those charges ARA pressed for an evidentiary hearing on the deportation threats, contending that such conduct tainted the election. The Board refused to investigate further and, on August 13, held petitioner in violation of the Act and issued an appropriate bargaining order. Upon the denial of ARA's motion for reconsideration, this petition and cross petition followed.

## II

Here petitioner does not contest the finding of the Board that it refused to bargain. It objects mainly on the ground that the Board unjustifiably denied an evidentiary hearing on ARA's charges of coercive pre-election misconduct by Union adherents.

■ The Board's own regulations specify that upon the filing of election objections, if material factual issues are raised, the Regional Director may convene a hearing to resolve the points disputed. *See* 29 C.F.R. § 102.69(a)–(i) (1982). In *Methodist Home v. NLRB,* 596 F.2d 1173 (4th Cir.1979), this court stated that considerations of due process demand such an inquiry where substantial and material fact disputes exist concerning the validity of a representation vote. *Id.* at 1178. The essential predicate to the right is established when the objecting party comes forward with evidence sufficient *prima facie* to set aside the balloting. The sufficiency of the proffer is ultimately to be determined by the courts. *Id.* at 1178–79.

Petitioner contends that on the day prior to the election a group of four employees including Antones, approached three of their co-workers. Antones allegedly stated to the three that if they failed to vote for the Union they would be reported as illegal aliens to the immigration authorities. The Regional Director felt that these threats did not flaw the electoral process because, first, the speaker was not an authorized Union spokesman. More importantly, according to the Regional Director, illegal aliens naturally experience a fear of deportation which could not have been exacerbated by Antones' statements.

■ We disagree with the Regional Director's conclusion that the threats did not create an atmosphere in which free choice was impossible. Indeed, we fail to see how the remarks could not have done so. It strains credulity, it seems to us, to suggest that such statements would not terrorize those to whom they were made. Had they not been calculated to do so, Antones would have had no reason to make them. As to the point that the impact of the words is somehow less disruptive of the election be-

cause Antones was not a Union agent, we merely note:

> If the conduct, though that of a mere Union adherent and not that of a Union agent or employee, is sufficiently substantial in nature to create a general environment of fear and reprisal such as to render a free choice of representation impossible, then it will require the voiding of the election.

*Methodist Home,* 596 F.2d at 1183.

We think the facts asserted by petitioner and the reasonable inferences to be drawn therefrom plainly establish *ex facie* pre-election misconduct which may or may not have clouded the validity of the election and the correctness of certifying the Union as the bargaining agent. Enforcement of the bargaining order therefore is denied and the case is remanded to the Board for a full evidentiary hearing on petitioner's objections.

SO ORDERED.